Green, J.
delivered the opinion of the court.
This is an action of debt to recover from the plaintiff' in error two hundred and fifty dollars, the penalty imposed by *161 said corporation for a breach of its by-laws. The by-law question was passed the 19th day ox August, 1833, and as follows:
“Be it enacted by the Mayor and Aldermen of the town of Franklin, That it shall be the duty of the owner of each tavern, grocery, confectionary or other house, or any persoh or persons whatever intending to retail spirituous liquors within the limits of said corporation, before he, she or they proceed to retail spirituous liquors within the limitsp of said corporation as aforesaid, to apply to the recorder and obtain license from the said corporation for the term of one year, and pay to said recorder, for the use of said corporation, a tax of one hundred dollars, and the further sum of fifty cents for granting such license, which sum of one hundred dollars is hereby declared to be the tax on each retailer of spirituous liquors within the limits of said corporation for each and every year; and if any person or persons shall proceed to ■retail spirituous liquors without first having obtained a license therefor, as aforesaid, such person or persons so offending shall forfeit and pay the sum of two hundred and fifty dollars, tobe recovered before any jurisdiction having cognizance thereof, in the name of the Mayor and Aldermen of said corporation, for the use of said corporation.”
There was a verdict and judgment for the plaintiffs in the circuit court of Williamson county, and a motion in arrest of judgment, which was overruled. The defendant appealed in error to this court. The question for consideration now is as to the validity of the' by-law of the corporation. Á corporation can pass no by-law inconsistent with the constitution and laws of the State. Ang. and Ames on Corp. 182, 188: 2 Bac. Ab. 9.
At the time this ordinance passed, and up to the period of its violation by the plaintiff in error, the laws of the State permitted persons who might obtain license as prescribed by those laws to retail spirituous liquors; Consequently individuals who had obtained a license to retail spirituous liquors under the State law could not, by an act of the corporate authorities of Franklin, be prohibited from retailing those liquors within the limits of that town. But this by-law ex *162 pressly prohibits a party from retailing spirituous liquors within the corporation under a heavy penalty, unless a license be first obtained from the corporation. It comes, therefore, in direct conflict with the law of the State, and hence is void. It makes no difference that Robinson had no license under the State laws. In that case the corporate license could not have conferred upon him the right to sell, in violation of the State law; and they had no power to impose a penalty upon a man for not obtaining a license to do that which it would have been illegal for him to do if he had obtained said license. This is not an ordinance imposing a fine for retailing without a license. Such a by-law would have been valid; it would not have contradicted, but would have been in accordance with the State law. This law imposes a penalty for selling without a corporation license; a thing they had no right to grant. If he had a license under the State law their license would confer no additional privilege, and if he had not, theirs would confer no privilege at all.
These views do not at all interfere with the right to tax, or to regulate and restrain tippling houses. Although a party may have a license under the State laws to sell, and therefore the act of selling is not a nuisance, yet he may be restrained and regulated in the exercise of this privilege so as to mitigate the evils of his trade.
We think there is error in the judgment, and therefore order that it be reversed and the judgment be arrested.